ROME RAILROAD COMPANY, plaintiff in error, vs. SULLIVAN, CABOT & Co., defendants in error.

[1.] A declaration alleging that the defendants received 40 bales of cotton, to be delivered to R. & C., at Charleston, South Carolina, is not supported by proof that it was to be delivered to the Agent of the South Carolina Railroad, at Augusta.

[2.] The marks on bales of cotton is no evidence of the contract between the parties; they are mere directions to the carrier as to the place of ultimate destination.

[3.] The Rome Railroad Company has a right, under the powers granted in its charter, to contract to deliver produce at a point which can be reached only by passing it over connecting roads.

[4.] It cannot, however, bind the companies owning the connecting roads, without their consent or acquiescence.

[5.] If there be no special contract, a railroad company is not bound to carry freight beyond the terminus of its road; but if it be directed to a place beyond, it is bound to deliver it over to the proper custody, to ensure its due transportation.

Nonsuit and new trial, from Floyd county. Decided by Judge HAMMOND, August Term, 1857.

This was an action brought in the Court below, by Sullivan, Cabot & Co., to recover from the Rome Railroad Company, damages for loss alleged to have been sustained by the delay of said company in transferring 40 bales of cotton, which the plaintiffs had shipped by said company, to be delivered to the agent of the South Carolina Railroad at Augusta, and consigned to Robinson and Caldwell at Charleston. The plaintiffs alleged, that between the time the cotton was received by the company at Rome, and delivered by them in Charleston, the price of cotton went down.

The receipt given by the Railroad Company at Rome, stated that 40 bales of cotton had been shipped, (consigned to Robinson & Caldwell at Charleston,) and that the cotton was to be delivered to the agent of the South Carolina Railroad at Augusta.

The receipt was dated the 10th of January, and the cotton received by Messrs. Robinson & Caldwell at Charleston, on the 25th and 28th of February following.

Rome Railroad Co. vs. Sullivan, Cabot & Co.

The plaintiffs, after the introduction of some testimony to the above facts, closed, and the defendants moved for a non-suit on the following grounds:

1st. Because the plaintiffs had entirely failed, by their testimony, to make out a case against the defendant, there being no testimony showing that defendant ever contracted to carry said cotton to, and deliver the same in Charleston, as alleged in plaintiffs' declaration.

2d. That the Rome Railroad Company being a corporation with limited powers, for the transportation of merchandise between Rome and Kingston, the officers of said corporation have no power to bind the company, by contract, for transportation beyond these limits.

3d. That the limitations in the charter settle the construction of the contract, and a general consignment or mark beyond the chartered limits of the road, creates no *prima facie* obligation to transport beyond those limits, but is, in legal effect and intendment, a contract to transport to the terminus, and then forward to the connecting road.

4th. That a receipt given, as testified to by Terhune, (the witness,) could not bind the defendants to transport the cotton beyond Kingston, the terminus of the Rome Railroad, and consequently the defendants could not be held liable for delay and damage beyond that point.

The Court overruled the motion, and the defendants excepted.

The Court charged the jury, 1st. That the agent of the Rome Railroad Company could contract to carry goods to Charleston, or any other point, and bind the company by such contract.

2d. That if the plaintiffs had shown such a contract, (which must be a special contract,) they were entitled to recover such damages as they had proven to have sustained, provided the plaintiffs have shown a want of diligence and proper attention on the part of the Railroad Company, in forwarding this cot-

ton ; but that the mere fact of a delay of the cotton, was not sufficient to justify a finding, as there must affirmatively appear to be a want of diligence.

Counsel for the defendants requested the Court in writing to charge,

1st. That the Rome Railroad Company being a corporation with limited powers, for the transportation of merchandise between Rome and Kingston, the officers of said corporation have no power to bind the company by contracts, for transportation beyond these limits.

2d. That the limitations in the charter settle the construction of the contract, and a general consignment or mark to points beyond the chartered limits of the road, creates no *prima facie* obligation to transport beyond these limits, but is, in legal effect and intendment, a contract to transport to the chartered terminus, and then forward to the connecting lines.

The Court refused to give the first request, and gave the second with the qualification, " that it was competent for the agents of the company to make contracts to carry merchandise beyond Kingston, and if the agents of the company did make such contracts, the company was bound by them.

To these charges and refusal to charge, and qualification of the charge asked, the counsel for defendant excepted.

The jury returned a verdict for the plaintiffs, and the counsel for the defendant filed their bill of exceptions, alleging,

1st. That the Court erred in refusing a nonsuit, on the grounds taken in the motion therefor.

2d. The Court erred in the several charges to the jury, as above set forth.

3d. The Court erred in refusing to charge the jury, as asked by the defendants' counsel, and in his qualification of the second charge asked.

4th. That the jury found contrary to the law.

5th. That the jury found contrary to the evidence.

6th. That there was no evidence to support or justify the several charges made by the Court.

PRINTUP, for plaintiff in error.

UNDERWOOD, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] The declaration alleges, that the plaintiffs delivered at the platform of the defendant at Rome, Georgia, 40 bales of cotton, (describing them and setting forth their value,) "consigned to Robinson & Caldwell, Charleston, South Carolina, with instructions to ship and send forward immediately, and the said defendant, then and there, undertook and faithfully promised to send them forward, and to be safely and securely carried and conveyed by the said defendant from Rome Georgia, aforesaid, on their railroad and other railroads, to Charleston, South Carolina, aforesaid, and there, to-wit : at Charleston, South Carolina, aforesaid, safely and securely to be delivered for the said plaintiffs, to Robinson & Caldwell, for certain reasonable reward in that behalf." The contract was, as set out in the declaration, to receive the cotton at Rome, carry it on defendants' own railroad and other railroads to Charleston, and to deliver it at Charleston, to Robinson & Caldwell. The contract proven was, that the cotton was received by the defendant, at the transportation office of the Rome Railroad Company, at Rome, to be delivered to the agent of the South Carolina Railroad, at Augusta, Georgia. The cotton was marked "consignor" "Sullivan, Cabot & Co.," "Rome," "40 square bales of cotton ;" "consignee, Robinson & Caldwell, Chas't., So. Ca." An extract from the shipping book of the defendants was offered and received in evidence, which contained a statement of the cotton, the marks, the names of the consignors and consignees, showing the amount of freight paid, when it was paid, and its apportionment

amongst the different roads. This extract shows that the entire freight was paid at Augusta, and the amount divided amongst the several roads. No freight was paid to the South Carolina Railroad, and none was apportioned to it. After the submission of testimony by the plaintiffs, to show a breach of the contract as alleged, they closed their case; whereupon, the defendants moved for a nonsuit on the grounds set forth in the statement of the case. We think a nonsuit ought to have been awarded on the first ground taken in the motion. The receipt is the evidence of the contract, and according to that, the undertaking was to deliver the cotton to the agent of the South Carolina Railroad, at Augusta.

[2.] We think that the mark of the names of the consignees on the cotton, and their place of business or residence, was no part of the contract. Nor was it evidence of the contract. It was merely a direction to the railroad companies or their agents, as to its ultimate destination. It certainly cannot control the express undertaking contained in the receipt. The contract was to deliver to the agent of the South Carolina Railroad, at Augusta, Ga. If this was done in proper time, and in good condition, the contract was performed. If the defendant did not do this, it became responsible for all damages accruing from the failure. As there was no proof of the contract, as alleged, a nonsuit ought to have been awarded on that ground.

The second ground, (nor indeed, the third or fourth in the motion,) ought not to have been sustained by the Court, and the presiding Judge committed no error in overruling them. The charter of the company makes it a common carrier, as respects goods, wares, merchandise, produce, &c., and vests it " with full power and authority to do and perform all and every corporate acts as are permitted or allowed to other companies incorporated for similar purposes." *Acts of* 1839, *page* 139.

[3.] The powers granted are very comprehensive, and embrace whatever has been allowed or permitted to other com-

Rome Railroad Co. vs. Sullivan, Cabot & Co.

panies chartered for similar purposes.   Its business is transportation, and transportation along a continous line of road, parts of which belong to other companies.   Its interest requires that it should enjoy all privileges granted to it under its broad powers, to ensure the greatest quantity of transportation, and it is certainly allowed to it to make all contracts for transportation over its own and connecting roads, which have been tolerated in other companies incorporated for similar purposes.   Such contracts have been made and pronounced valid, under charters with, perhaps, a less extensive grant of power.   This view of the case derives some support, perhaps, from the Act authorizing the State Road to be built.

The tenth section of that Act requires that the tracks of all branch roads contemplated by that Act, shall correspond in width with that of the State Road.   The Rome Railroad is not mentioned in that Act, and I allude to it merely to show the legislative purpose or expectation, that there should be continuous transportation over the State Road and its branches.

[4.] We are not to be understood to say, that one incorporated company along a continuous line of road, may bind other companies by a contract, without their consent or acquiescence,   We do not go beyond what we express, that the Rome Railroad has the power to bind itself by such a contract, and the receipt given, we think, placed it under a legal obligation to deliver the cotton to the agent of the South Carolina Railroad, at Augusta.

[5.] If there be no special contract, the company is not bound, as a matter of course, to carry freight beyond the terminus of its road, but if it be directed to a place beyond, it is bound to deliver it over to the proper custody, to ensure its due transportation.

Judgment reversed.