## Case No. 18,007.

### WOODWARD v. ILLINOIS CENT. R. CO.

[1 Biss. 447;[1] 5 Leg. Op. 92.]

Circuit Court, N. D. Illinois. May Term, 1864.

LIABILITY OF COMMON CARRIER—DUE CARE AND DILIGENCE—PRECAUTIONS AGAINST FIRE—MEASURE OF DAMAGES—THROUGH BILL OF LADING.

1. Under a contract exempting a carrier from liability in case of fire, he becomes an ordinary bailee, and is held only to that kind of care and diligence applicable to a bailee under the circumstances of the case. He is still held to due care and diligence as to the kind and quality of cars, the running and management of trains, the proper precautions against fire, etc., having reference to the season of the year, the character of the property, the country through which it was to be carried and the nature of the transit.

2. Though the property catches fire without the negligence of the carrier, if his agents do not make all proper and necessary efforts to save it, he is still responsible for all that might have been saved. For any portion saved, the carrier is responsible, no matter what afterwards becomes of it.

3. The measure of damages is the value of the property at the contracted destination, at the time when it should have arrived there, deduct-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

ing freight. The jury may also allow additional damages by way of interest.

4. A steamboat bill of lading for the shipment of goods at Memphis, to be delivered at Cairo, specifying the rate of freight through to Baltimore, and signed by the agents of the connecting railroad company, is a contract for through shipment, and the railroad company are entitled to the benefit of the exceptions contained in the bill of lading.

Action against the defendant as a common carrier, to recover the value of one hundred bales of cotton burned on the cars in transit. The statement of the case will be found in [Case No. 18,006.]

Gookins, Thomas & Roberts, for plaintiffs.

McAllister, Jewitt & Jackson, for defendant.

DRUMMOND, District Judge (charging jury). Under the uncontroverted facts of the case, the true construction of the bill of lading is that it was a contract for the shipment of the cotton from Memphis to Baltimore, and that the rights of the parties are to be controlled by it. There is no evidence of any other or different contract at Cairo concerning the transit of the property.

By the terms of this contract, therefore, the defendant was not to be held responsible in the case of a loss by an accidental fire, if the defendant used due care in transporting the cotton. When the defendant has shown that the cotton has been destroyed in whole or in part by fire, then he is prima facie relieved from responsibility for such destruction, and the shipper must show that the carrier has been guilty of negligence or of a want of due care in relation to it.

Where property is transported by a carrier, under a contract exempting him from liability in a case of fire, he in that respect becomes an ordinary bailee and is held only to that kind of care and diligence applicable to a bailee under the circumstances of the case.

Notwithstanding the clause of exemption in the contract, the defendant was required to use due care and diligence in transporting the cotton, as to the kind and quality of the cars, as to the running and management of the trains, as to the proper means of extinguishing fires caused by a spark from the engine or otherwise, and as to the train hands;—having reference to the season of the year, the character of the property, of the country through which it was to be carried, and the nature of the transit, viz: by railroad.

An illustration often given of the kind of care and diligence required, is that care and diligence which a prudent person, under similar circumstances, would exercise over his own property.

Did the defendant use such care in this case? It is to enable the jury to answer this question that the evidence on both sides has been principally directed. It is contended on the part of the plaintiffs, that there was a want of proper care in many, or all, of these respects, and particularly in running the train, under the circumstances in proof, from Prairie Green to Ashkum. It is insisted on the part of the defendant, that all due care was used in every respect.

Before you can determine as to one point, —the prudence of running the train then and there,—you must ascertain, if possible, what appeared on the face of the prairie and on the line of the road to those who had the management of the train. By what they saw, or by what they could have seen by the exercise of proper diligence, it is to be determined whether, or not, they acted prudently. The position of the plaintiffs is that there was a fire on the prairie, on the track, or so near as to indicate to the managers of the train great danger and risk in proceeding. The position of the defendant is, that there was no such fire on or near the track as to show a reasonable probability of danger, but that there was a smoldering fire, so slight as not to attract attention, which was wafted into a flame by the wind created by the motion of the train. What was the condition of the track and its immediate vicinity at the time? Was it prudent, under the circumstances, to run the train as it was run,—that is, did it seem prudent to those having the management of the train, they exercising due care and diligence; because you must bear in mind you are not to judge by the event, but by what appeared at the time.

If there was a want of due care and diligence on the part of the defendant in any respect, and thereby the cotton was destroyed, then the defendant should be held responsible for the loss, otherwise not. If you shall find that the burning was not occasioned by the want of due care and diligence on the part of the defendant, then the next question is, did the agents of the defendant make all proper and necessary efforts to save the property, and was any of it destroyed in consequence of the want of such efforts. If so, then the defendant ought to be held answerable for all that could have been so saved. But you will determine this by the actual circumstances surrounding them, and with the means and appliances at their command. It was not, of course, necessary that they should incur actual danger to their persons by fire, but only that they should do all in their power to preserve the property, having reference to the rapidity of the fire and the means at their disposal.

The only ground upon which the defendant can escape liability under its contract is by showing that the cotton was destroyed by fire; for whatever was not destroyed by fire, no matter who took it or what became of it, the defendant is answerable. In addition to what was taken by the persons who came to the train, there were two bales

saved. For all this the defendant must be held accountable in any event, because, I think, it was incumbent on the defendant to show to whom the cotton saved belonged, if it did not belong to the plaintiffs. If there were two fires on the prairie, the want of diligence must have been in reference to that fire which destroyed the cotton.

Whether the jury shall find for the plaintiffs for the whole or a part of the loss, the measure of damages in either case will be the value of the cotton at Baltimore when it should have arrived there, but for the loss, deducting the freight; and the jury may, if they choose so to do, allow additional damages by way of interest.

Verdict for plaintiffs of $10,000.

NOTE. As to measure of damages in loss, see Krohn v. Oechs, 48 Barb. 127; Adams Express Co. v. McDonald, 1 Bush, 32; Rice v. Ontario Steamboat Co., 56 Barb. 384; Bazin v. Steamship Co. [Case No. 1,152]. That carriers may limit their liability, but not as against their own negligence, Seller v. The Pacific, 1 Or. 409; Merriman v. The May Queen [Case No. 9,481]; Beck v. Evans, 16 East, 244; Birkett v. Willan, 2 Barn. & Ald. 356; Brooke v. Pickwick, 4 Bing. 218; Parsons v. Monteath, 13 Barb. 353; Stoddard v. Long Island R. Co., 5 Sandf. 180; Western Transp. Co. v. Newhall, 24 Ill. 466; Illinois Cent. R. Co. v. Adams, 42 Ill. 474; Goldey v. Pennsylvania R. Co., 30 Pa. St. 242; Illinois Cent. R. Co. v. Morrison, 19 Ill. 136; Ashmore v. Pennsylvania Steam Towing Transp. Co., 4 Dutch. [28 N. J. Law] 180. For a similar case of loss of cotton by fire, see Levering v. Union Transp. Co., 42 Mo. 88.

Common carrier, undertaking to deliver at a certain point, is liable, though the loss occur beyond its line. Barter v. Wheeler, 49 N. H. 9; Perkins v. Portland R. Co., 47 Me. 573; Peet v. Chicago & N. W. R. Co., 19 Wis. 118; Morse v. Brainerd. 41 Vt. 550; Tuckerman v. Stephens Transp. Co., 3 Vroom [32 N. J. Law] 320; Mosher v. Southern Exp. Co., 38 Ga. 37; Southern Exp. Co. v. Shea, Id. 519; Nashua Lock Co. v. Worcester & N. R. Co., 48 N. H. 339; Fatnam v. Cincinnati R. Co., 2 Disn. 248; Schneider v. Evans, 25 Wis. 241. Receiving payment for the whole route is evidence of the undertaking and liability. Muschamp v. Lancaster & P. J. R. Co., 8 Mees. & W. 421, which is the leading English case, and followed in Crouch v. Great Western R. Co., 2 Hurl. & N. 491, and 3 Hurl. & N. 183; St. John v. Van Santvoord, 25 Wend. 660 (reversed in 6 Hill, 157); Wilcox v. Parmelee, 3 Sandf. 610; Willey v. West Cornwall Ry. Co., 2 Hurl. & N. 703; Noyes v. Rutland & B. R. Co., 27 Vt. 110; Kyle v. Laurens R. Co., 10 Rich. Law. 382; Hart v. Rensselaer & S. R. Co., 8 N. Y. 37; Scothorn v. South Staffordshire R. Co., 8 Exch. 341; Wilson v. York, N. & B. R. Co., 18 Eng. Law & Eq. 557; Webber v. Great Western R. Co., 3 Hurl. & C. 771.

The court of appeals of New York, have lately laid down the important distinction, that where a common carrier under a special contract, limiting his common law liability, undertakes to carry to the terminus of his line, and there deliver to another carrier, he has no authority on behalf of the owner to contract with the second carrier limiting his liability; the full common law liability attaches to the latter at once. Babcock v. Lake Shore & M. S. R. Co., 49 N. Y. 491. Effect of receipting for goods marked to a point beyond terminus, Id.

A carrier receiving goods marked for a certain place, undertakes to deliver at that place, and is liable for a loss beyond his line. Illinois Cent.

R. Co. v. Johnson, 34 Ill. 389; Angle v. Mississippi & M. R. Co., 9 Iowa, 489; Illinois Cent. R. Co. v. Frankenberg, 54 Ill. 88; Watson v. Ambergate N. & B. R. Co., 3 Eng. Law & Eq. 497; Coxon v. Great Western Ry., 5 Hurl. & N. 274.

A railroad company selling tickets over its own and other roads is liable for the safety of baggage to the point of destination. Illinois Cent. R. Co. v. Copelend, 24 Ill. 332; contra, Straiton v. New York & N. H. R. Co., 2 E. D. Smith, 184; Wilcox v. Parmelee, 3 Sandf. 610; Quimby v. Vanderbilt, 17 N. Y. 315; Candee v. Pennsylvania R. Co., 21 Wis. 582; Cary v. Cleveland & T. R. Co., 29 Barb. 35. This is the English rule. Thomas v. Rhymney Ry. Co., L. R. 6 Q. B. 266; Great Western Ry. Co. v. Blake, 7 Hurl. & N. 987; and in Toledo, P. & W. R. Co. v. Merriman, 52 Ill. 123, the carrier was held liable for a loss beyond his line on a through contract under the bill of lading, even though it limited the liability to loss on the line of the company. Nor does "privilege of reshipping" affect his liability for safe delivery at destination. Little v. Semple, 8 Mo. 99.

Consult also Jenneson v. Camden & A. R. & Transp. Co., 4 Am. Law Reg. 234; Rome R. Co. v. Sullivan, 25 Ga. 228; Brintnall v. Saratoga & W. R. Co., 32 Vt. 665; Johnson v. New York Cent. R. Co., 33 N. Y. 610. But in Naugatuck R. Co. v. Waterbury Button Co., 24 Conn. 468, it was held that a railroad company could not contract to carry beyond its own limits, and in Northern R. Co. v. Fitchburg R. Co., 6 Allen, 254, the first company was considered as a forwarding agent. Also in Briggs v. Boston & L. R. Co., Id. 246, and in Connecticut and Massachusetts, the courts have refused to extend liability beyond the carrier's line. Hood v. New York & N. H. R. Co., 22 Conn. 1; Elmore v. Naugatuck R. R., 23 Conn. 457; Converse v. Norwich & W. T. Co., 33 Conn. 166; Nutting v. Connecticut River R. Co., 1 Gray, 502; Darling v. Boston & W. R. Co., 11 Allen, 295; Gass v. New York, P. & B. R. Co., 99 Mass. 220; Burroughs v. Norwich & W. R. Co., 100 Mass. 26; Hill Manuf'g Co. v. Boston & L. R. Co., 104 Mass. 122. The tendency of the courts, however, and the weight of authority, as well as the better reason, seems to be to hold common carriers liable to the destination to which they profess to convey.