## THE CENTRAL RAILROAD & BANKING CO. *v.* DENSON.

1. The original declaration alleging that plaintiff's husband was killed by the gross negligence of the agents of defendant in running its cars, etc., there was enough therein to amend by; and an amendment alleging that he "was on the railroad track where persons were accustomed to walk, that he was between the blow-post and the crossing on said track, and that the agents of said company failed to give any signals or to blow its engine as required by law, and that they, without any fault on his part, did by said negligence run over and kill him, to her injury," made the declaration sufficient to authorize a recovery if supported by evidence.

2. Plaintiff in error had a right to except to the overruling of the demurrer to the declaration, on the ground that there was no sufficient cause of action set out therein, and to bring the same here for review; because, if the demurrer had been sustained, that would have been a final disposition of the case; but if the bill of exceptions had been predicated solely on the refusal of the judge to grant a nonsuit, where after such refusal the case proceeded to trial and a mistrial were had, a motion to dismiss it in this court would prevail.

May 22, 1889.

Pleadings. Amendment. Practice. Nonsuit. Mistrial. Before Judge HARRIS. City court of Macon. December term, 1888.

Reported in the decision,

R. F. LYON, for plaintiff in error.

M. G. BAYNE, by brief, *contra*.

SIMMONS, Justice.

It appears from the record in this case that when the case was called for trial in the court below, the defendant demurred to the plaintiff's declaration, on the ground that it contained no sufficient cause of action to warrant a recovery; whereupon the plaintiff amended her declaration, which the court allowed her to do over objection of the defendant, the defendant contending that there was not enough in the original declaration to amend by, and that the amendment thus made set out a new and independent cause of action from that set out in the original declaration. The defendant also demurred to the declaration as amended, and the demurrer was overruled. The plaintiff then introduced her evidence, and at the close thereof the defendant moved for a nonsuit, on the ground that the evidence was insufficient to authorize a verdict for the plaintiff. The record discloses that there was a mistrial in the case. The defendant then filed its bill of exceptions,

assigning error in the rulings of the court, (1) in not sustaining the demurrer to the plaintiff's declaration; (2) in allowing the plaintiff to amend her declaration; (3) in not sustaining the demurrer to the declaration as amended; and (4) in not granting the defendant's motion to nonsuit the plaintiff, after she had closed her evidence.

1. It appears from the record that when the defendant demurred to the declaration, and before the decision of the court thereon, the plaintiff amended her declaration by setting out more specifically the acts of alleged negligence on the part of the defendant. We think there was enough in the original declaration to authorize its being amended. The original declaration alleged that Denson "was killed by the gross negligence of the agents of said company, and (the killing) could have been avoided by ordinary care and diligence on their part in running the cars of said company; that he was run over without any attempt to avoid it, thereby killing him, to her injury," etc.

While the declaration is very loosely and inartistically drawn, we think it contains the seed of a good cause of action; and the seed being planted, the plaintiff should be allowed to water and cultivate it by amendment, so that it might grow into a perfect plant. This, we think, the plaintiff did by amendment when she alleged that her husband " was on the railroad track where persons were accustomed to walk; that he was between the blow-post and the crossing on said track; and that the agents of said company failed to give any signals or to blow its engine as required by law; and that they, without any fault on his part, did by said negligence run over and kill him, to her injury," etc. When these allegations were made in the amendment, we think that, under our liberal system of pleading, the declaration was sufficient to authorize a recovery, if the

evidence should warrant the same, and there was no error in the court's allowing the amendment to the declaration, or in the court's refusal to sustain the demurrer after the declaration was amended.

2. When this case was called for a hearing in this court, counsel for the defendant in error made a motion to dismiss the same, on the ground that the case is still pending in the city court of Macon, and that the bill of exceptions cannot be heard while the case is pending in the court below for trial. We withheld our decision upon this motion until we could examine the record, and allowed the case to be argued. Upon an examination of the record, we find exceptions to the ruling of the court upon the demurrer as above set out. We think the plaintiff in error had a right to except to the overruling of the demurrer to the declaration, on the ground that there was no sufficient cause of action set out therein, and to bring the same here for review; because if her declaration had no cause of action set out therein, the court should have sustained the demurrer, and that would have been a final disposition of the case. If the bill of exceptions had been predicated solely on the 4th ground taken therein, to wit, the refusal of the judge to grant a nonsuit, we are inclined to think that the motion to dismiss in this court would prevail. Where a motion to nonsuit is made in the court below and is overruled, and the case proceeds to trial and a mistrial is had, we do not think the defendant has a right to file a bill of exceptions and bring the case here upon that ground alone. But as said before, there being a good ground in the bill of exceptions, to wit, the overruling of the demurrer to the declaration, we will not grant the motion to dismiss, but affirm the judgment overruling the demurrer to the declaration.

*Judgment affirmed.*