## AUGUSTA RAILWAY COMPANY *v.* TENNANT.

Where, at the conclusion of the plaintiff's evidence, the defendant moved for a nonsuit, which was refused and a mistrial resulted, a bill of exceptions to this court, assigning no error except the refusal of the court to grant a nonsuit, cannot be entertained.
February 29, 1896.

Practice in Supreme Court.

*J. S. & W. T. Davidson* and *Boykin Wright*, for plaintiff in error. *J. R. Lamar* and *W. H. Fleming*, contra.

ATKINSON, Justice.

Upon the trial of an action for damages against the plaintiff in error in the city court of Richmond county, upon the introduction of plaintiff's testimony the defendant moved a nonsuit, which was refused. Subsequently defendant introduced evidence; the cause proceeded and finally resulted in a mistrial. The defendant filed a bill of exceptions to the judgment of the court below refusing to overrule his motion for a nonsuit, and sought to have that question determined upon a writ of error, the cause remaining undisposed of and still pending in the trial court. The question is, whether in such a case the defendant is entitled to prosecute a writ of error to this court.

Section 4250 of the code provides, that no cause shall be brought to this court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a

final disposition of the case. A motion for nonsuit stands upon the same footing with many other of the minor incidents which necessarily occur in the progress of a judicial investigation, and which cannot be made the basis of a sole exception until after final judgment. The judgment of the court is many times invoked during the progress of a cause upon questions involving the admissibility of evidence, and while an error committed in this respect may be a good ground for the grant of a new trial in the event a verdict is rendered against the person objecting, it can certainly afford no ground of exception to this court where the trial did not itself result in a verdict. Unlike a judgment made in overruling a demurrer, a judgment upon a motion for nonsuit is not conclusive upon either of the parties upon another trial. It does not go to the sufficiency of the cause of action as laid in the pleadings, but goes to the sufficiency of the evidence submitted upon the trial. If there be no trial, then a judgment of nonsuit could afford no ground of exception upon a trial, and a mistrial, or failure to reach a verdict, is equivalent to no trial at all, and the case stands when the mistrial is declared as though it had never been entered upon, and having never been entered upon, this court has no authority by writ of error to enquire into the commission of errors alleged to have been committed upon an attempted trial which so results. Such errors, if committed at all, were necessarily corrected, in so far as they were prejudicial, by the direction of a mistrial, as effectually as if there had been a new trial awarded. Upon this attempted trial the court may have made rulings upon the introduction of evidence, which, if erroneous, would have finally disposed of the case, but these rulings made during the progress of the cause cannot be made the basis of a final exception, assuming that the motion for nonsuit was well founded. A motion for nonsuit could not have been made except there be a trial, and where a mistrial occurs, there being no trial, there could have been in contemplation

of law no motion for nonsuit occurring upon a trial. We think therefore that unless there be a final judgment in a case, the overruling a motion for nonsuit affords no ground of exception which can be reviewed upon writ of error. See *Central Railroad & Banking Co.* v. *Denson*, 83 *Ga.* 267. The writ of error is therefore    *Dismissed.*