## 832. RICE *v.* WARE & HARPER.

1. A judgment sustaining a motion for nonsuit is a final disposition of the cause, and a writ of error will lie therefrom; so also a judgment refusing to sustain a motion for nonsuit is a decision which "if it had been rendered as claimed by the plaintiff in error would have been a final disposition of the cause," and is therefore such a judgment as will support a writ of error.

(a) Although a nonsuit be erroneously refused, if the subsequent proof in the case cures the original deficiency or variance from the pleading, in the plaintiff's proof, no error can be successfully assigned upon the failure to grant the nonsuit.

(b) If, after a refusal to nonsuit, the case proceeds to a mistrial, no writ of error will lie.

(c) If the case proceeds to verdict for the plaintiff, the defendant may waive his right to a motion for a new trial and except directly to the refusal of the court to grant a nonsuit. The reviewing court in such cases will look to all the evidence in the record, to see whether the nonsuit should have been granted at the stage of the trial at which it was moved, and also, if it then would have been proper, whether subsequent evidence cured such deficiencies as existed in the plaintiff's case.

(d) In case the defendant excepts directly to the refusal to grant a nonsuit, it is the duty of the trial judge, under the Civil Code, § 5528, to determine what portion of the evidence is material to a consideration of that question, and to require it to be incorporated in the bill of exceptions or into an approved accompanying brief. The reviewing court will conclusively presume that no portion of the evidence material to the errors complained of has been omitted.

(e) In case a nonsuit has been refused and the case has proceeded to verdict, and exception is taken to the court's action on a motion for new trial containing the general grounds, a consideration of the court's action on the nonsuit (if exception is also taken to that ruling) becomes immaterial, since the applicability and sufficiency of the evidence may be reviewed fully upon the exception to the court's action on the motion for a new trial.

(f) Where a trial judge holds a motion for nonsuit to be well taken, the plaintiff has the privilege, at any time before judgment of nonsuit is

actually entered, of amending his pleading, or almost, if not absolutely, as a matter of course, of opening his case and submitting sufficient additional testimony, thus avoiding a nonsuit. In the event that the reviewing court should reverse the trial court's refusal to grant a nonsuit, the plaintiff would likewise have the privilege, at any time before the remittitur from the reviewing court was made the judgment of the lower court, to offer a sufficient amendment correcting the variance, or to show that he could supply such additional evidence as to cure the deficiency existing on the former trial; and upon such amendment being filed, or such showing as to additional adequate testimony being made, it would be the duty of the trial court to reopen the case and order a new trial, notwithstanding the judgment of the reviewing court that it was erroneous not to grant a nonsuit under the pleadings and proof as they stood at the former trial.

(g) This practice will tend to expedite litigation and to prevent the annoyance and the expense of an additional tentative jury trial to see whether a plaintiff can better his case on a second round.

2. An immaterial and unsubstantial variance between the pleading and the proof is not sufficient cause for a nonsuit.

Complaint, from city court of Atlanta—Judge Calhoun. October 3, 1907.

Argued January 23,—Decided February 11, 1908.

*Henry A. Alexander,* for plaintiff in error.

*Moore & Pomeroy,* contra.

POWELL, J. The bill of exceptions assigns error upon the refusal to grant a nonsuit, and contains the following recital: "After said refusal of the court to order a nonsuit, the trial proceeded with introduction of evidence by defendant, and by plaintiff in rebuttal; a verdict and judgment were rendered in favor of the plaintiff. To the action of the court, after its refusal to order a nonsuit, in permitting the trial to proceed and in allowing said verdict and judgment to be rendered, the defendant excepted, now excepts, and assigns the same as error, upon the ground that, the refusal to order a nonsuit being erroneous and necessarily controlling in effect, all subsequent proceedings in the case were vitiated and rendered illegal thereby, and were contrary to law." Attached as an exhibit is a brief of the evidence, duly verified. No motion for a new trial was made. The defendant in error moves the court to dismiss the writ of error and bill of exceptions, on the following grounds: "Because there is no sufficient legal or valid assignment of error upon a final verdict or judgment in said case. Because plaintiff in error does not except or assign error upon

any final verdict or judgment rendered in said court. Because said writ of error and exceptions were prematurely brought to this court; and that this court is without jurisdiction to hear or determine exceptions to the refusal of a trial court to grant a nonsuit, without the complaining party first having filed its motion for a new trial in the court below, and said motion for a new trial having been denied by the trial judge. Said writ of error and bill of exceptions should be dismissed, because it appears from the same that after the refusal of the court to grant a nonsuit, the trial proceeded with the introduction of additional evidence by the plaintiff and the defendant; and what the character of the said evidence was, or its materiality, does not appear in the record. Said writ of error and exceptions should be dismissed, because it appears that after the refusal of the trial court to grant a nonsuit, additional evidence was offered, both by the plaintiff and defendant, and it does not appear that this additional evidence was insufficient to cure the alleged error in the court's refusal to grant the nonsuit; nor does it appear that the alleged error was not cured by the subsequent introduction of sufficient evidence to prove the plaintiff's case as laid."

The exception to the final judgment is substantially in the form approved by the Supreme Court in the *Lyndon* case, 129 *Ga.* 353 (58 S. E. 1047). The question therefore arises whether a refusal of a motion to nonsuit is a judgment of such conditional finality or of such controlling influence as to support a bill of exceptions under the Civil Code, §5526, or the act of December 20, 1898 (Ga. Laws 1898, p. 92). Of course the grant of an involuntary nonsuit furnishes ground for direct exception. Ordinarily, when a nonsuit has been overruled, the case proceeds to verdict, and the court is required to review the evidence upon motion for new trial. If the evidence introduced in the trial subsequently to the court's ruling upon the motion for nonsuit makes out a case in the plaintiff's favor, although the refusal to grant a nonsuit at the conclusion of his testimony might have been erroneous, the error in refusing the nonsuit is cured, and an exception to a refusal in such cases will not be favorably entertained. *Carr* v. *Georgia Loan & Trust Co.;* 108 *Ga.* 757 (33 S. E. 190) ; *Holder* v. *Scarborough,* 119 *Ga.* 256 (46 S. E. 93), and cit. If, on the other hand, the evidence introduced subsequently to the erroneous refusal to grant a

nonsuit does not cure the deficiency, a verdict in the plaintiff's favor is without evidence to support it, and a motion for a new trial is accordingly adequate to raise the question of the sufficiency of the evidence as a whole. Hence it rarely happens that the reviewing court is called upon for a ruling as to whether the trial court erred in refusing a nonsuit. In two reported cases, where the trial did not result in a verdict, but in a mistrial, the defendant made an effort to review the trial court's refusal to grant a nonsuit, and in both instances the Supreme Court held that the ruling would not be reviewed; the distinction being drawn that the motion for nonsuit in such cases was but an incident occurring in the progress of a trial which came to an undecisive result and left the case still pending. See *Central R. Co.* v. *Denson,* 83 *Ga.* 269 (9 S. E. 788); *Augusta Ry. Co.* v. *Tennant,* 98 *Ga.* 156 (26 S. E. 481). However, there is direct precedent for reviewing by bill of exceptions the overruling of a motion for nonsuit. In *Rome R. Co.* v. *Sullivan,* 25 *Ga.* 228, a motion for nonsuit was overruled, and, further evidence being submitted, though not such as to cure the variance between the pleading and the proof, verdict was nevertheless rendered for the plaintiff. By direct bill of exceptions (for the case was decided prior to the announcement of the rule that the correctness of the verdict would not be reviewed except through the medium of a motion for a new trial) the defendant assigned error upon the verdict, and also upon the refusal to nonsuit the case at the conclusion of the plaintiff's testimony. The judgment of the Supreme Court is not given in the printed report further than a memorandum that there was a reversal, but an inspection of the minutes of that court discloses that it reversed the judgment of the lower court "on the ground that the court refused to award a nonsuit on the grounds taken in the motion."

The overruling of the motion for nonsuit seems to be such a decision or judgment as, "if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause;" and where the plaintiff in error, as in this case, is willing to waive his right to ask a new trial on other grounds, and stands solely upon the variance between the plaintiff's pleading and proof, we can not find any precedent or sound reason for saying he can not bring error to the overruling of his motion for a nonsuit. Of course in such cases the reviewing court will look to all the evi-

dence introduced in the case, first to see whether the plaintiff originally proved his case as laid, and, if not, whether the needed proof has been otherwise supplied. It has been suggested that to allow the defendant to except in such cases would, in the event of a reversal, result in a hardship to the plaintiff; that if the trial court had held the proof variant from the pleading or insufficient to support a case, the plaintiff would have had the privilege, at the time, of amending his pleading or of supplying additional proof, thus avoiding a nonsuit and the resulting dismissal of his action. This proposed hardship is in actual practice factitious. Should the reviewing court reverse the judgment of the trial court in refusing the nonsuit, the plaintiff may, at any time before the remittitur is made the judgment of the court below, amend his pleading, thereby avoiding a variance and reinstating his case, and a new trial would then ensue. This was the course taken, with the approval of the Supreme Court, in the *Rome Railroad* case, cited supra (see same case 28 *Ga.* 29, and 32 *Ga.* 400). Just as the plaintiff has the right to amend his pleading to avoid the trial court's tentative decision sustaining a motion for a nonsuit (see *Fenn* v. *Seaboard Air-Line Ry.*, 120 *Ga.* 664, 48 S. E. 141), he may also reopen the case and supplement his evidence. So if the trial court were about to make the judgment of the appellate court, holding that a nonsuit should have been granted, the judgment of the lower court, the plaintiff would have the privilege of informing the court that he desired to supplement his testimony, and it would be the duty of the trial court, upon a satisfactory showing that this proposed additional testimony would supply the deficiency in the proof, to pass such an order as would protect the plaintiff in this privilege. Without attempting to dictate the exact form of the trial court's action in such cases, we will suggest that an order might be passed making the judgment of the appellate court the judgment of the trial court, but reciting that, since the plaintiff had shown to the court that he was able to tender in support of his case further evidence sufficient to avoid nonsuit, the case would be reopened and another trial ordered. We are led to this conclusion largely by these considerations: Where the plaintiff, either upon his original pleadings or upon such amendment as he may be able to make, can not bring proof enough to make a prima facie case, the defendant should not be called upon to undergo the ex-

pense and annoyance of a new trial; this being the course to be taken in a case where the judgment of the trial court is reversed upon exception to the overruling of a motion for a new trial. So also the expense accruing to the county upon the grant of a new trial is to be considered. Where the trial court's holding that the plaintiff proved a prima facie case is reversed on exception to the refusal of a nonsuit, this annoyance and expense of a second trial is avoided, unless the plaintiff is able to convince the judge, at the time the remittitur is made the judgment of the lower court, that by an amendment to his pleading or by supplementing his proof he will be able to overcome his former derelictions. Of course the action of the trial judge upon any then proffered amendment to the pleading, or showing as to the plaintiff's ability to bring more proof, is a subject-matter of immediate review by direct bill of exceptions. Thus unnecessary jury trials for the tentative purpose of seeing whether the plaintiff can better his case on a second round may be avoided.

The point made by the motion to dismiss, that it appears that additional evidence was introduced at the trial after the nonsuit was refused, and it does not appear that this additional evidence was insufficient to cure the alleged error in the court's refusal, is not meritorious. By the act of 1889 (Civil Code, §5528), the provisions of which are mandatory and not merely directory, "If the case is not one in which a motion for new trial is to be reviewed, the plaintiff in error shall plainly and specifically set forth the errors alleged to have been committed, and shall incorporate in the bill of exceptions a brief of so much of the written and oral evidence as is material to a clear understanding of the errors complained of, and shall specify therein such portions of the record as are material to such understanding. If none of the evidence is material to elucidate the errors complained of, this fact shall be stated and the evidence omitted. The judge to whom such bill of exceptions is tendered shall, if needful, change the same so as to conform to the truth and make it contain all the evidence, and refer to all of the record, necessary to a clear understanding of the errors complained of;" and the certificate to the bill of exceptions recites that it contains all of the evidence material to a clear understanding of the errors complained of. In such case the trial judge, and not the reviewing court, is given the power to decide

whether any portion of the evidence is immaterial, and therefore to be omitted. We therefore conclusively presume that the omitted evidence was not such that it could in any wise affect the decision of the question presented in the record. The motion to dismiss the writ of error is therefore denied.

2. As to the merits of the case. Ware & Harper, real estate brokers, sold a tract of land for Rice to Mrs. Johnson. In the memorandum of sale attached as an exhibit to the suit it was recited that the property was sold for $25,000 cash, of which $10,000 was already deposited with Ware & Harper, and the remainder was to be paid as soon as the title could be examined and found good; and it was also recited that Rice, upon "completion of said sale and the payment of the balance of the purchase-money," would pay Ware & Harper the sum of $4,000 as commissions for their services in negotiating the sale. It was for a portion of these commisions that Ware & Harper instituted the suit. In the petition it is recited, that Rice "is indebted to petitioner in the sum of $2,000, the same being the balance of commissions due them for the sale of a certain mill and land, in accordance with the contract attached" described above; also "that said sale has been consummated and all the conditions of said contract have been complied with by petitioners; that $2,000 of the commissions having been paid, $2,000 remains due." The proof showed that when the trade came to be closed, Mrs. Johnson preferred to give a note for $10,000 of the purchase-price, instead of paying all cash, as contemplated in the original memorandum of sale. Rice said the note would be as good to him as cash; and, without consulting Ware & Harper, accepted $15,000 cash and Mrs. Johnson's note, secured by retention of title to the land, for $10,000. Rice at that time executed to Mrs. Johnson only a bond for title, but after suit was instituted he made her a deed. The point made by the plaintiff in error is that there is a variance between the pleading and the proof; that the trade described in the memorandum of sale attached to the petition had not been consummated as alleged; that the contract declared on contemplated a payment of $25,000 in cash, and only $15,000 in cash was paid, though a note for the remaining $10,000 was given; that while Rice, by accepting part of the purchase-price in cash and part in a note, might have made himself liable to Ware & Harper for the commissions, he was not there-

by liable in the manner in which he was sued. We do not think that there was a material variance between the pleading and the proof. A contract may be consummated as well by a substantial, mutually satisfactory compliance with the spirit of its terms as by a literal compliance. Rice need not have accepted Mrs. Johnson's note as cash; but since he considered it the same as cash and was willing to accept it upon the contract in lieu of cash, a consummation of the contract contained in the memorandum of sale was effectuated, and the payment contemplated therein was made; at least so far as the rights of Ware & Harper, who were not consulted as to the substitution of the note for the cash, were concerned. *Fisher* v. *Jones Co.*, 93 *Ga.* 717 (2), 719 (21 S. E. 152). This is no contradiction of the general rule that notes are not payment until they themselves are paid, in the absence of a contrary understanding. A slight unsubstantial variance between pleading and proof will not work a nonsuit.                *Judgment affirmed.*