### 23638. PRICE *v.* NEHI INCORPORATED.

JENKINS, P. J. Even could it be assumed that mere general assignments of error in a direct bill of exceptions to the refusal of a nonsuit in favor of the plaintiff in error and to the direction of a verdict in favor of the defendant in error, without a motion for new trial, would be sufficient to permit a consideration of the merits of these exceptions, where the only grounds assigned are that such rulings are contrary to law and the evidence (*Hamilton National Bank* v. *Robertson,* 177 *Ga.* 734, 171 S. E. 293, and cit.; *Augusta Ry. Co.* v. *Tennant,* 98 *Ga.* 156, 157, 26 S. E. 481; *Central Railroad &c. Co.* v. *Denson,* 83 *Ga.* 266 (2), 269, 9 S. E. 788; *West Green School District* v. *Peoples Planing Co.,* 46 *Ga. App.* 48, 166 S. E. 439, and cit.), the trial court committed no error in refusing a nonsuit and directing a verdict in favor of the plaintiff. Under the undisputed evidence, the plaintiff in this action of trover was the lawful assignee of the legal title and rights of the vendor under

an instrument designated as a "bond for title," but in effect a conditional sale of certain bottling machinery and other personalty, reserving title in the vendor until payment of a stated indebtedness, which subsequently became in default. The defendant claimed a right of possession in the property as purchaser from the administrator of the original vendee under the conditional sale. Such sale by the administrator, being made without any effort to comply with the statutory formalities and without any authority from the ordinary, was void and gave to the defendant no lawful right of possession. *Whitehurst* v. *Mason,* 140 *Ga.* 148 (78 S. E. 938) ; *Sikes* v. *Sikes,* 153 *Ga.* 725, 730, 731 (113 S. E. 416, 24 A. L. R. 1324) ; Civil Code of 1910, §§ 4021, 4022. The defendant's claim of title or right of possession under such void sale afforded no basis of defense against the right of the plaintiff, as assignee of the original vendor under the conditional sale, to rescind such contract of sale and retake the property after the indebtedness had become past due. The defendant never having been recognized as a debtor by the original vendor or by the plaintiff, and there being no privity of contract or relation between the plaintiff and the defendant, the defendant could not claim an accounting for alleged payments made by previous purchasers under the contract of sale. But even if the defendant were not a stranger to the conditional-sale contract, he would not have been "entitled to set up as a defense a right of possession in himself because of the vendor's failure to return such payments," where in this trover proceeding the only verdict elected and obtained by the plaintiff was for the return of the property itself. See *Smith* v. *Commercial Credit Co.,* 28 *Ga. App.* 403 (3) (111 S. E. 821). According to the evidence, the defendant never paid any money to any one. The record presents no question as to what, if any, rights the administrator or estate of the purchaser might still retain as to any payments made by him under the conditional-sale contract. The testimony shows that, after the administrator made the illegal sale to the defendant, for which he received notes and a mortgage but no cash, he assigned and relinquished in favor of the plaintiff all rights and claim to the property. Assuming that, without authority being obtained, such a compromise would be illegal as a rescission of the contract or as a sale of an equity of the estate (see Civil Code of 1910, §§ 4004, 4022.; *Jones* v. *Ragan,* 136 *Ga.* 653, 71 S. E. 1098; and cases cited above), since such a transaction would not have precluded the plaintiff from proceeding in trover against the administrator himself for the recovery of the property without a money judgment (*Adder Machine Co.* v. *Hawes,* 152 *Ga.* 826, 111 S. E. 188), it would in no event afford any greater right to the defendant.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided May 22, 1934.

*Randall Evans Jr.,* for plaintiff in error.
*J. Quinn West, Arnold & Battle,* contra.