IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT DECATUR,

## AUGUST TERM, 1850.

Present—JOSEPH H. LUMPKIN, ⎫
       HIRAM WARNER, ⎬ Judges.
       EUGENIUS A. NISBET, ⎭

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

No. 1.—ANDERSON BOGGS, adm'r, &c. of Robert Watson, plaintiff in error, *vs.* JESSE CHAMBERS and others, defendants in error.

[1.] Although Courts of Equity have concurrent jurisdiction with Courts of Law in cases of partition, as a general proposition, yet, in this State, if the party seeking to have a partition of lands, has an ample and adequate remedy in a Court of Law, according to the provision of our Statute upon that subject, a Court of Equity will not assume jurisdiction; but when it appears from the case made, that there is any obstacle or difficulty in the way, so as to render the remedy at Law less ample or adequate, a Court of Equity will maintain its jurisdiction to remove such obstacle, and compel a discovery of the rents and profits, and decree an account of the same.

In Equity, in Carroll Superior Court. Demurrer, decided by Judge HILL, October Term, 1849.

This was a bill in Equity, filed by the plaintiff in error against the defendants. The bill alleges, that the complainant and

VOL IX 1

defendants became possessed of a lot of land in the County of Carroll, upon which there were valuable gold mines, as tenants in common; that the defendants entered upon said land some-time in the year 1830, and had continued to work the mines, situated thereon, ever since, realizing therefrom a large amount of gold, which they had appropriated to their own use, refusing to pay to the complainant any portion of the same. The bill further charges, that without giving the complainant any kind of notice, the defendants had fraudulently proceeded to have the said lot of land partitioned and divided between all the parties at interest, setting apart to the complainant a portion of said tract of land, upon which the defendants knew no gold was to be found, and causing all the gold-mining interest to be divided between themselves, for the purpose of defrauding the complainant.

The bill prayed that complainants might be compelled to account for the gold obtained by them from said mines, and pay to him that portion of the same to which, in equity, he might be entitled; also, that the partition which had been made might be set aside, and such portion of said land might be set apart and decreed to complainant, as he might be entitled to under and by virtue of his undivided interest in the same.

To this bill there was a demurrer filed upon two grounds: want of equity, and multifariousness.

The Court sustained the demurrer and dismissed the bill, and counsel for complainant excepted.

A. T. BURKE, for plaintiff in error.

*By the Court.*—WARNER, J. delivering the opinion.

The case made by the complainant's bill is for a partition and account. The complainant alleges, that he is a tenant in common with the other defendants, of a lot of land upon which is a valuable gold mine; that the defendants have entered upon the lot and worked the gold mine, and extracted therefrom a large amount of gold, for which they refuse to account with him.

Boggs *vs.* Chambers and others.

The complainant also alleges, that the defendants have fraudulently proceeded to have the said lot of land partitioned and divided between themselves and the complainant, without giving him any *notice* thereof, and setting apart a portion of the lot to him, upon which defendants knew there was no gold to be found, and causing all the gold-mining interest thereon to be divided between themselves. The prayer of the bill is, that a partition of the land may be decreed between the complainant and defendants, the alleged fraudulent partition of the land set aside, and that the defendants be decreed to account for the gold which they have extracted from it.

[1.] As a general proposition, it may be stated, that Courts of Equity have concurrent jurisdiction with Courts of Law, in all cases of partition. 1 *Story's Equity*, 599, §646, 610, §658. But in this State, if it shall appear that the party applying to a Court of Equity has as ample and adequate remedy in a Court of Law, under the provisions of our Statute, as he would have in a Court of Equity, the latter Court will not assume jurisdiction to award a partition. Does the case made by the complainant show, that his remedy in a Court of Law would be as ample and adequate to afford him relief, as in a Court of Equity? We think not, for the reason that the defendants have placed an obstacle in his way, by having the alleged fraudulent partition made of the land, and for the further reason, that they have proceeded to extract therefrom a large amount of gold, which they have appropriated to their own use. The complainant is entitled to a *discovery* from them of the amount of gold which they have obtained from the land, and a decree for his proportionable share, as consequent upon that discovery. Where one tenant in common has been in the exclusive enjoyment of the rents and profits, on a bill for partition and account, the latter will also be decreed. 1 *Story's Equity*, 608, §655.

By maintaining the jurisdiction of the Court in this case, the complainant will not only be entitled to the aid of the Court to remove the fraudulent obstacles created by the defendants, in having a partition of the land, but will also have the assistance of the Court to compel a *discovery* of the rents and profits of the

land, and a decree therefor, as well as a decree for partition, without resorting to another suit, to accomplish that object in the Common Law Court. This bill is not multifarious, according to the ruling of this Court, in *Butler and others vs. Durham*, **2** *Kelly*, 413.

Let the judgment of the Court below be reversed.