## ARNETT *vs.* MUNNERLYN, JR., *et al.*

A bill charged as follows: An owner of property died intestate, leaving as his only heirs at law his widow and son; during the lifetime of the intestate, the son managed his father's property, and purchased three lots, taking deeds in his own name; upon the death of the father, the son took possession of the whole estate, and he and the widow lived upon it, and she was supported out of the same; the son sold much of the land and personalty belonging to the estate of his father, including a large number of shares of railroad stock; the widow died in November, 1866, leaving a will by which she bequeathed to complainants all her property, of what kind soever; this consisted in one undivided half interest in her husband's estate; the son has used and appropriated ever since his mother's death the whole of the rents, issues and profits of the lands and other property belonging to his father's estate; on December 15, 1867, the son made a mortgage covering all the lands belonging to his father's estate not before sold or disposed of by him, together with the three lots to which he had taken title; the mortgagee is proceeding to condemn the land:

*Held*, 1st, That it has been decided by this court that "where a ten-

ant in common has mortgaged the entire estate, and said mortgage has been foreclosed, a court of equity has jurisdiction to enjoin levy and sale until after partition, especially where the mortgagor is insolvent. A claim against the co-tenant for profits arising from the exclusive use of the estate will form a part of the decree for partition and account, and will take precedence of the mortgage made by him.'' This decision is *res adjudicata*, and will not now be disturbed.

2. The lands purchased by the son in the lifetime of his father are subject to the mortgage lien in preference to any claim which complainants may have for profits arising from the sole and separate use of the property by the son; and the mortgagee may proceed therefor.

3. The property left by the intestate father should be partitioned, giving one half to the son and one half to the legatees under the will of the widow.

4. The amount of money received by the son for the sale of any lands or other property which belonged to his father's estate, and the interest thereon, together with the railroad stock, should be ascertained; and complainants are entitled to a decree against the son for one half of the gross sum so ascertained.

5. It should be ascertained what rents and net profits the son received from the property, while he was in the exclusive use and control thereof, from and including the year 1866, and since the death of the widow, and one half the sum so found should be decreed to the complainants.

6. The sums so decreed to complainants should constitute a lien superior to the lien of the mortgage upon the lands and property partitioned and set apart to the son.

7. There was no error in granting a new trial.
September 25, 1883.

Wills. Estates. Tenants in Common. Liens. Mortgages. Before Judge HANSELL. Decatur Superior Court. May Term, 1883.

Reported in the decision.

R. F. LYON; O. G. GURLEY, for plaintiff in error.

McGILL & O'NEAL; C. G. CAMPBELL; J. C. RUTHERFORD, for defendants.

BLANDFORD, Justice.

The children of Charles J. Munnerlyn bring their bill

to enjoin Felix G. Arnett from selling certain lands under a mortgage deed made by Charles J. Munnerlyn to said Arnett to these lands, which they allege belonged to their grandfather, C. J. Munnerlyn, Sr., at the time of his death. The facts in the case show that C. J. Munnerlyn, Sr., died intestate, leaving as his only heirs at law C. J. Munnerlyn, one of the defendants, and Hannah Munnerlyn, his widow. That in the lifetime of said intestate, C. J. Munnerlyn, one of the defendants, who managed his father's property, purchased three lots of land, 262, 263 and 264, known as the Lewis place, and that deeds of conveyance were taken to him for said lands; that upon the death of C. J. Munnerlyn, Sr., the intestate, C. J. Munnerlyn, Jr., took possession of his whole estate; he and his mother, Hannah, lived on the same, and she was supported out of the same; that said C. J. Munnerlyn, the defendant, during the lifetime of his mother, Hannah, sold much of the land and personal property belonging to the estate of his father, also a large number of shares of railroad stock. That Hannah Munnerlyn died in November, 1866, leaving her last will and testament, by which she bequeathed to the complainants in this bill all of her property of what kind soever, which consisted in one undivided half interest in her husband's estate; that said C. J. Munnerlyn, the defendant, has had, used and appropriated to his own use ever since his mother's death the whole of the rents, issues and profits of the lands and other property belonging to his father's estate. And it appears from the allegations in complainant's bill on the 15th day of December, 1867, said defendant, Munnerlyn, conveyed by mortgage deed to Felix G. Arnett all of the lands belonging to his father's estate not before sold and disposed of by him, together with the three lots known as the Lewis place, to secure the payment of a promissory note for the sum of six thousand two hundred and fifty dollars, due one day after date.

The case coming on for a hearing, the same was submitted to the jury upon certain issues of fact, and the jury

returned a verdict on some of the issues submitted. The complainants moved for a new trial on various grounds; the court granted the same, and defendant, Arnett, excepted.

When this case was before this court at the July term, 1876, 57 *Ga.*, 32, it was decided then that, " where a tenant in common has mortgaged the entire estate, and such mortgage has been foreclosed, a court of equity has jurisdiction to enjoin levy and sale until after partition, especially where the mortgagor is insolvent. A claim against the co-tenant for profits arising from the exclusive use of the estate, will form a part of the decree for partition and account, and will take precedence of the mortgage made by him." This ruling and decision is *res adjudicata*, and will not now be disturbed, and the decision now made will conform thereto. And taking the rule thus laid down, what decree should be rendered in this case?

First. The lands known as the Lewis place, comprising lots 262, 263 and 264, purchased by defendant Munnerlyn in his father's lifetime, are subject to the lien of Arnett's mortgage, in preference to any claim which complainants may have for profits arising from the sole and separate use of the property by Munerlyn, the defendant. Arnett's mortgage should be allowed to proceed against said lands, known as the Lewis place; and injunction dissolved for this purpose.

Second. The property left by Munnerlyn, the intestate, should be partitioned, one half to Munnnerlyn, the defendant, and the other half to the complainants, as legatees under the will of Hannah Munnerlyn.

Third. The amount of money received by C. J. Munnerlyn, Jr., for the sale of any lands and other property which belonged to his father's estate, and the interest thereon, together with railroad stock, should be ascertained; one half of which gross sum the complainants are entitled to a decree therefor against said C. J. Munnerlyn.

Fourth. It should be further found and ascertained what rents and net profits said C. J. Munnerlyn, the defendant, received from said property, while he was in the exclusive use and control of the same, from and including the year 1866, and since the death of his mother. One-half of such sum so found and ascertained should be decreed to the complainants.

And the sums so decreed to the complainants should constitute a lien superior to the lien of the mortgage of Arnett upon the lands and property partitioned and set apart to said C. J. Munnerlyn, the defendant.

A decree rendered according to the rule above indicated would settle this case in accordance with the decision before rendered by this court.

There is no error in granting the new trial in this case. Judgment affirmed.