## LOWE *vs.* BURKE *et al.*

1. Where matter of account against an insolvent cotenant for past profits of the land is involved, and where partition of the premises cannot be made without a sale, equity has jurisdiction to decree partition and account.
2. A demurrer going to the whole bill should be overruled if any part of the bill be sustainable. Thus, where the bill is good as to account and partition, though it may be bad as to the attack it makes upon a judgment lien on the premises, the bill will not be dismissed.
3. A writ of error lies to a judgment overruling a demurrer to the whole bill, notwithstanding the complainants may have proceeded to a hearing and obtained a decree, and though the decree be not excepted to nor any motion made for a new trial.

March 23, 1887.

Equity. Partition. Demurrer. Practice in Supreme Court. Before Judge CARSWELL. Jefferson Superior Court. December Adjourned Term, 1886.

Reported in the decision.

WHIGHAM & HUDSON; J. D. ASHTON, by brief, for plaintiff in error.

GAMBLE & HUNTER, by brief, for defendants. .

BLECKLEY, Chief Justice.

There were five shares in certain realty belonging to tenants in common. The owner of three of the shares

filed a bill against the owners of the other two. The bill alleged, among other things, that one of the defendants had been in exclusive possession of the property ever since the death of a named tenant for life, and had taken all the profits; also that this cotenant was unable to respond to the complainants for their interest in the profits, having no property beyond the amount exempt under the homestead laws. It further alleged that the premises owned in common could not be divided in kind, but would have to be sold. It prayed for partition by sale, and for account. Another element of the bill was, that the cotenant in possession had purchased a certain judgment against the estate from which this land came, and was seeking to enforce the judgment by levy upon the land; and the judgment was attacked by the bill as invalid, because founded on a note made by the executor many years after the death of the testator; and it was one object of the bill to declare the land free from the lien of the judgment.

The bill was demurred to generally—the whole bill. There was no separate demurrer to any particular part of it, or to any portion of the relief prayed for. The demurrer was overruled. The case then proceeded to a hearing, and a final decree was rendered in favor of the complainants. This decree was rendered at the same term of the court at which the demurrer was overruled. The decree was not excepted to; nor was any motion made for a new trial; but one of the defendants, within proper time, sued out a writ of error to the judgment overruling the demurrer; and it is that writ of error we are now adjudicating.

1. Where matter of account against an insolvent cotenant for past profits of the land is involved, and where partition of the premises cannot be made without a sale, equity has jurisdiction to decree partition and account. The element of account and insolvency will give equity jurisdiction, because there is no way by mere petition at law to obtain an accounting; whereas, the method of

equity is to take the account. Code, §3183; 9 *Ga.* 1. In distributing the proceeds of sale, it will deduct out of these proceeds, from the share of the party who has to account, a sufficient amount to cover the due share of the cotenants in the income of the property. 57 *Ga.* 32; 71 *Ga.* 14.

I will mention also another feature that perhaps made it proper for this case to be dealt with by equity rather than at law. One of the complainants is an infant (13 *Ga.* 429), and sues by *prochein ami*, not by regular guardian. On looking at the statute (code, §3997), we find that provision is made to have partition for an infant when represented by a guardian; but there seems to be none where the infant has no guardian and is represented by next friend, as in this instance. But this consideration is not essential to our ruling.

2. A demurrer going to the whole bill should be overruled if any part of the bill be sustainable. Thus, where the bill is good as to account and partition, though it may be bad as to the attack it makes on a judgment lien on the premises, the bill will not be dismissed. We do not enter into the case so far as this judgment lien in concerned; for if that subject-matter ought to be eliminated, the demurrer should have gone to that part of the bill alone, and to the relief sought respecting it. The demurrer being to the whole bill, and there being good matter for equity to deal with, it was proper to overrule the demurrer. 1 *Ga.* 376; 43 *Ga.* 13.

3. A motion was made here to dismiss the writ of error, upon the ground that the case was brought up on the demurrer, and not on the decree; there being no motion for a new trial, and no exception to the decree. On that point we rule this: A writ of error lies to a judgment overruling a demurrer to the whole bill, notwithstanding the complainants may have proceeded to a hearing and obtained a decree, and though the decree be not excepted to, nor any motion made for a new trial. The complain-

ants, after the overruling of the demurrer, proceeded at their peril. A reversal of the judgment on the demurrer would have defeated the whole proceeding, including the subsequent decree. There was no release of errors on the part of the defendants in the bill. 15 *Ga.* 91; 20 *Ga.* 11.

The complainants procured the decree to be made, not the defendants. The complainants could not release an error committed against the defendants. We find no obstruction in the way of reviewing the judgment on the demurrer; and that judgment is affirmed.