### SAMS, administrator, *et al. v.* DERRICK.

1. Where on the same day several written instruments are executed and delivered by the same makers to a single person, each of which instruments embraces a promissory note and a mortgage upon the same realty, the notes maturing at different times, the mortgages may all be foreclosed together in a single proceeding, after the maturity of the last note.
2. There was no error in rejecting evidence offered to prove failure of consideration, when there was no such plea or defense.
3. The evidence warranted the verdict, and there was no error in denying a new trial.

Argued February 12, — Decided March 23, 1898.

Foreclosure of mortgage. Before Judge Kimsey. Rabun superior court. February term, 1897.

*W. T. Crane* and *H. H. Dean*, for plaintiffs in error.
*W. F. Findley*, contra.

FISH, J. Derrick held four written instruments, all bearing the same date and purporting to have been executed by Sams and Henson, each embracing a note payable to Derrick, and a mortgage, to secure the same, upon the same real estate. After all the notes had matured, he sought, by a single proceeding in the superior court, to foreclose all of the mortgages together. On the trial of the case, the defendants, Henson and the administrator of Sams, made a motion to dismiss the proceeding, "on the grounds, that the plaintiff was attempting to foreclose four mortgages in one rule, and because there was no sufficient description of the property in the application, rule or

mortgage." The second ground of this motion, relating to the alleged insufficiency of the description of the property, is covered by the decision of this court when the case was here before. 98 *Ga.* 397. The ruling of the court on the last trial of the case, on this point, was in conformity to the decision then rendered.

1. The indebtedness, represented by the notes and secured by the mortgages, arising ex contractu between the same parties, the mortgages all bearing the same date and covering the same real estate, the plaintiff had the right, after all the notes had matured, to foreclose all of the mortgages together in a single proceeding. Civil Code, § 4944. No right of the defendants could be injuriously affected by the plaintiff's pursuing this course; but it was to their interest for him to bring only one foreclosure proceeding, instead of harassing them with four separate actions, thereby increasing court costs, and putting them, if they saw fit (as they did) to litigate the matter, to the trouble and expense of defending four suits in place of one.

2. One of the defendants, the administrator of Sams, pleaded that his intestate, at the time of executing the mortgages, was mentally incapacitated to make a contract: that "he was unable to read the contract, that it was never read over to him nor understood by him, and that if the same had been read over to him he could not have understood it." The other defendant, Henson, pleaded, first, that "he never signed the notes and mortgages sued on, nor did he authorize any one to do so for him, except as a witness"; second, "that he [had] no title to the land," and therefore the plaintiff had no right to foreclose the mortgages against him. No other pleas appear from the record to have been filed in the case. It is apparent, therefore, that the court did not err in refusing to allow "defendants to prove that the consideration of the notes and mortgages had wholly failed." Such proof was clearly inadmissible under these pleas.

3. The verdict rendered was warranted by the evidence, and there was no error in denying a new trial.

*Judgment affirmed. All concurring, except Cobb, J., absent.*