498. ATLANTIC COAST LINE RAILROAD CO. *v.* YESBIK.

This court has no jurisdiction of a bill of exceptions which, though assigning error upon rulings made pendente lite, does not in any manner except to a final judgment.

Practice in the Court of Appeals.

Submitted October 15,—Decided December 9, 1907.

Rehearing denied December 20, 1907.

*Bennet & Conyers, Pope & Bennet,* for plaintiff in error.

*Jesse W. Walters & Son,* contra.

RUSSELL, J. At the trial in September, the judge overruled demurrers to the declaration and refused a nonsuit, to which rulings exceptions pendente lite were duly preserved by the defendant. The jury returned a verdict for the plaintiff; the defendant made a motion for a new trial, which was heard and overruled in April following the trial. The bill of exceptions neither excepts to nor assigns error upon the order overruling the motion for a new trial. The failure to assign error upon the final judgment is not fatal, but the failure to except thereto is. *Lyndon* v. *Ga. Ry. & Elec. Co.,* 129 *Ga.* 354 (58 S. E. 1047). The writ of error, therefore, not being such as to confer jurisdiction upon this court, must be.

*Dismissed.*

ON MOTION FOR REHEARING.

RUSSELL, J. The motion for a rehearing is denied. Before passing upon the question of dismissal (there being no motion to dismiss) we had already determined, after a full consideration of the merits of the case and of the exceptions contained in the record, to enter a judgment of affirmance. Thereafter, discovering that there was no exception or assignment of error upon a final judgment, the court was of the opinion that a consideration or a discussion of the assignments of error, even if properly presented, was useless. "A rehearing will not be granted merely to change the judgment from that of dismissal to one of affirmance, the result in both cases being identical." *Carreker* v. *Thornton,* 1 *Ga. App.* 508, 511 (57 S. E. 988).