## 1193. TYGART *v.* ALBRITTON.

1. The profits sued for were those which would have been the immediate fruit of the contract if the plaintiff had not been prevented from making them, by the defendant's breach of the contract.
2. The suit is ex contractu, and all other claims of a similar character between the same parties are properly joined.
3. The plaintiff can not recover both profits and expenses stipulated by the contract, to be incurred by him incident to his part of the business.
4. Some of the items of damages being recoverable, the court erred in sustaining the general demurrer and dismissing the entire petition.

Action on contract, from city court of Nashville—Judge Roan presiding. April 23, 1908.

Argued July 15, 1908.—Decided January 27, 1909.

Tygart sued Albritton to recover damages for breach of contract. The contract may be substantially stated as follows: On January 12, 1906, Tygart, Day, and Albritton entered into an agreement to carry on a general sawmill business in Berrien county. The contract specifies the work of each in the conduct of the business, and the share of each in the profits. Tygart is "to cut and haul the logs to the mill from such timber as he may be directed by . . Albritton within a radius of one mile of said mill, in a condition to be converted into lumber, and haul an amount sufficient to keep the mill in operation within the reasonable terms of 'logging a mill;' for which services he is to receive one fourth

of the income of the mill, but he is not to be charged with any labor or expense of running the mill, save that of cutting and hauling the logs to the mill, which expense is to be borne by himself; he is also to furnish the necessary mules and carts and labor to perform such service." It is agreed that a settlement with Tygart for logging the mill shall be made once a month, commencing February 1, 1906. About thirty days after the execution of the contract Day retired from the firm, by mutual consent, leaving the firm composed of Tygart and Albritton. When Day retired the terms of the written contract were agreed to by Tygart and Albritton, and it was then orally agreed by them that the life of the contract was to continue through the remaining part of the year 1906, and that Albritton should not sell or dispose of the sawmill plant without the consent and approval of Tygart. Notwithstanding this agreement, it is alleged that the defendant did, on June 22, 1906, dispose of his entire sawmill plant and location, without the consent of the plaintiff; and this is alleged as the breach of the contract. The plaintiff claimed damages resulting from the breach, as follows: First, "one fourth of the gross cut of the mill, which was upon the average of 6,000 feet per day, which lumber was of the value and sold for $15 per thousand feet, at the mill, making a gross earning to plaintiff of $22.50 per day." In addition the plaintiff was to have $5 a day for hauling the lumber to the railroad track of the Douglas, Augusta, and Gulf Railroad Company, at its depot in the town of Nashville, Ga.; making a gross total to him of $27.50 per day, under the contract. Deducting the expense of the labor and feed of his teams, and his part of the expense of operating the mill, which amounted to $8.75, there was a net profit to which the plaintiff was entitled, under the terms of the contract, of $18.75; and when the contract was breached by the defendant, there remained, until the contract terminated, 148 days, making plaintiff's total net damage the sum of $1,965. Second: Plaintiff also claimed the sum of $350, for the reason that after the breach of the contract he had no further use for six mules, one timber cart, and two log carts, which he bought to carry out his part of the contract, and which he was compelled to sell at a loss of $350. Third: He was also compelled, in order to comply with his part of the contract, to dig a well, build two houses and a mule lot at the mill of the defendant, at a cost of

$185; and when the defendant sold his mill and lot and the purchaser took possession, these things became useless to the plaintiff; and he is entitled to recover as damages this sum of $185. Fourth: Plaintiff also claimed a further item of damages arising. as follows: he furnished 150 sawmill trees, which "cut the amount of 30,000 feet of lumber," one half of which lumber belonged to him and was of the value of $15 per thousand, the said lumber having been used by the defendant in building up his sawmill plant, and for which he agreed to pay plaintiff, which he has never done. Damages on this account amount to $225. Plaintiff seeks to recover $2,725, the aggregate amount of these items.

The defendant filed general and special demurrers to the petition; the first, on the ground that the damages claimed are remote, speculative, and based entirely on uncertain contingencies; and the second, because the damages claimed are not set forth with sufficient clearness and particularity, and because the item of $225, claimed for 150 saw-stock trees furnished to the defendant, was based upon an account arising ex contractu, and could not be legally joined with an action for tort. The court sustained the demurrers and dismissed the petition; and this judgment is brought here for review.

*Hendricks & Christian,* for plaintiff.

*J. W. Powell, W. G. Harrison,* for defendant.

HILL, C. J. (After stating the foregoing facts.)

The objections raised by the special demurrer, where not controlled by the judgment on the general demurrer, can in any event be cured by amendment. We deem it sufficient to consider only the judgment sustaining the general demurrer and dismissing the petition.

1. We think the damages sued for in the first paragraph of the petition are recoverable. Plaintiff set out a distinct contract, by the terms of which he was to have a specified share of the profits resulting from the operation of the sawmill. His part of the work was prescribed, and his part of the profits fixed. The gross and net daily output of the mill are stated, with the value of the same, and the daily net share to which plaintiff was entitled by the expressed stipulations of the contract for his part of the work under the contract in cutting the trees, sawing them into lumber, and hauling the timber to the railroad. We think the damages are not

remote, speculative, or legally uncertain, but were clearly in the contemplation of the parties when the contract was made. The profits on the contract sued for are "the immediate fruit of the contract," and the loss thereof can be "traced solely to the breach of the contract." Civil Code, §§3798, 3799; *Mitchell* v. *Henry Vogt Machine Co.,* 3 *Ga. App.* 546 (60 S. E. 295); *Anderson* v. *Hilton & Dodge Co.,* 121 *Ga.* 691 (49 S. E. 725).

2. Plaintiff can also recover the value of one half of the lumber cut from the 150 sawmill trees furnished by him to the defendant, which he alleges in his petition amounted to $225. This claim seems to be outside of the contract, and is recoverable without reference to the breach thereof. But it arises on an implied contract by the defendant to pay it, and, being ex contractu, is properly joined in the same suit with the claim for damages arising from the breach of the express contract. The attorney for the defendant in error is mistaken in characterizing the suit as one sounding in tort. It is a plain suit for damages arising from breach of contract. It is usual and proper to join in the same suit damages of the same general character. Civil Code, §4944; *Sams* v. *Derrick,* 103 *Ga.* 678 (30 S. E. 668).

3. The items of damages claimed in paragraphs 2 and 3 of the petition are not recoverable. These were expenses incidental to the conduct of the business and to the making of the profits in the business under the contract. They were the plaintiff's part of the operating expenses. He can not recover both net profits and expenses incurred in making the net profits. *Mitchell* v. *Henry Vogt Machine Co.,* supra; *Anderson* v. *Hilton & Dodge Co.,* supra; *Jester* v. *Bank,* 4 *Ga. App.* 469 (61 S. E. 926). The petition set out a good cause of action as above indicated, and the judgment sustaining the general demurrer and dismissing the entire petition was erroneous.                                    *Judgment reversed.*