1588.· WESTERN UNION TELEGRAPH CO. *v.* TRUITT.

Where a telegraph company, through negligence in the transmission of a message, has caused the price of a commodity to be misquoted to a proposed purchaser who accepts the offer, and the mistake in price is discovered after· shipment but before there has been delivery of the commodity, and the proposed purchaser then refuses to accept it at the price quoted erroneously in the telegram, the owner of the commodity would ordinarily be entitled to recover, against the telegraph company for its negligence, the difference between the market price of the commodity at the place from which it was shipped (not exceeding, however, the contract price at which the owner proposed to sell it in the telegram as delivered to the telegraph company) and the best price to be obtained, in the exercise of ordinary diligence, at the place to which the commodity was shipped, plus any incidental expenses, such as transportation charges for the carriage of the article to this latter point; but if the owner of the commodity knows that this ·difference will exceed the cost of reshipping the article to a point where it can be sold without loss, his recovery will be limited to what would be the freight charges and other expenses for the round trip.

Action for damages, from city court of LaGrange—Judge Harwell.    November 30, 1908.

Argued February 10,—Decided March 16, 1909.

*Dorsey, Brewster, Howell & Heyman, Lamar Rucker, A. H. Thompson,* for plaintiff in error.

*D. J. Gaffney, E. A. Jones,* contra.

POWELL, J.  To give the prevailing party the benefit of the finding of the jury on all contested issues of fact, and to omit a number of subsidiary and immaterial details, this controversy may fairly be stated as follows:  Truitt, a dealer in fine selected cottonseed, intended for planting purposes, received a request from the Henderson-Law Company of Enterprise, Alabama, for the quotation of a price on a car-load of 1,000 bushels of these seed. Truitt replied by telegram, quoting a price of seventy-five cents per bushel f. o. b. LaGrange.  By a negligent error in transmission, the telegraph company substituted the word "twenty-five" for the word "seventy-five" in this telegram, and it was so delivered to the Henderson-Law Company, who immediately replied, ordering the 1,000 bushels of cottonseed at the price quoted. Truitt shipped the seed to them at Enterprise, Alabama, sending to the bank there a draft with bill of lading attached.  When the car-load of seed arrived and the Henderson-Law Company went to the bank to pay the draft and get the bill of lading, the mistake in price was discovered.  They refused to take the seed at 75 cents per bushel but finally offered 50 cents per bushel f. o. b. Enterprise, Alabama.  Truitt accepted the offer and sued the telegraph company for his loss, which he alleged consisted of $250, the difference between the quoted price of 75 cents per bushel and the price, on actual sale, of 50 cents per bushel; also $108.80, the freight from LaGrange to Enterprise, and $4 demurrage which accrued while the mistake was being rectified.  He also asked for interest on all of these amounts.  The price of 50 cents per bushel f. o. b. Enterprise was the best price obtainable there for the cottonseed at the time the mistake was ascertained, but the plaintiff admitted that at this time, and for several days prior thereto and subsequently, the seed would readily have brought at LaGrange, Georgia, from 75 cents to $1 per bushel; that there was a steady demand for them during this period at that price.

It was ruled by the Supreme Court in the case of *Hollis* v. *Western Union Tel. Co.,* 91 *Ga.* 801 (18 S. E. 287), that "the measure of damages against a telegraph company for deviating from the terms of a message correctly reporting the state of the market for a particular article which the receiver of the message is induced by it to send forward for sale, is the difference between the actual state of the market and the terms of the message as erroneously transmitted overstating it, *provided* the plaintiff's actual loss amounts to that much." Keeping in mind two well-known rules of damage law, it will, we think, be readily seen that this case falls within the proviso of the statement just quoted. The first of these rules is that in other than certain exceptional instances, damages are given as compensation only for the actual injury done. Civil Code, § 3905. The second rule is that, except in the case of positive and continuous torts, the person injured is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence. Civil Code, § 3802.

When the firm to whom the cottonseed were shipped at Enterprise refused to take them, and when it developed that a price exceeding 50 cents per bushel could not be obtained at that point, but that there was a steady market demand for them at LaGrange, Georgia, at a price not less than 75 cents per bushel, and that the cost of shipping the seed back to LaGrange would be less than the $250 diminution in price which would result from a disposal of them at Enterprise, it became the plaintiff's duty to reship them. Having the opportunity of disposing of the seed at LaGrange on a normal market, without other loss than the transportation charges, he did not have the right to dispose of them on an unfair market at Enterprise, Alabama, at a greater damage to himself and at the expense of the telegraph company. The judgment is therefore affirmed, with direction that the plaintiff's judgment be reduced so as to include only the following amounts (in addition to the costs which accrued in the lower court) : $108.80, freight from LaGrange to Enterprise; $108.80, return freight; $4, demurrage; making a total of $221.60, with interest at seven per cent. per annum on this sum from March 18, 1907; and that the plaintiff in error recover of the defendant in error the costs of bringing the case to this court.     *Judgment affirmed, with direction.*