## 1614.  FUDGE v. KELLY.

"Interest reipublicæ ut sit finis litium." This case has been to this court three times. There is error in the record. The judgment will be reversed, but the issues will be restricted and direction be given for the summary disposition of the question remaining in the case.

Trover, from city court of Miller county—Judge Bush. December 4, 1908.

Submitted February 24,—Decided March 23, 1909.

W. I. Geer, for plaintiff in error.  P. D. Rich, contra.

PowELL, J.  This case has been here twice before.  See Kelly v. Fudge, 2 Ga. App. 759 (59 S. E. 19), Fudge v. Kelly, 4 Ga. App. 630 (62 S. E. 96).  It will be seen, by reference to the previous decisions in the case, that Fudge and Kelly swapped horses, and that Kelly claimed that Fudge committed a fraud on him by swapping him a horse which was subject to an execution, under which it was subsequently seized.  From the opinion of this court, reported in 4 Ga. App. 631, it appears that the case was sent back because it did not affirmatively appear from the record that the process under which the horse had been seized was a valid lien thereon at the time of the seizure.  In the trial now under review it appeared that Fudge bought the horse, which was swapped to Kelly, from one Williams, who in turn had bought it from Cowart, and that it was under a fi. fa. against Cowart that the property was seized after Fudge had traded it to Kelly.  This execution would not have been an incumbrance against the property in the hands of Kelly, who was an innocent purchaser, unless there was a record of it on the general execution docket at the time of the trade.  Whether it was so recorded or not does not appear from the record.  The plaintiff therefore did not make out his case.

It appeared at the trial that the original fi. fa. had been lost. The proof on this question was sufficient to admit secondary evidence. Indeed there seems to be substantially no question as to the existence of the fi. fa. The material question stands out, was it duly recorded on the general execution docket? If it was, the verdict rendered by the jury in favor of the plaintiff should stand; if it was not, the verdict was wrong, for the horse which Kelly received in the swap is still his, wherever it may be, and is free from the incumbrance of the lien. Kelly has had two successive findings in his favor. There should be an end to the litigation. This court has power to give direction necessary to the focusing of the issues in the case and the ending of litigation. Civil Code, §5586; *Finley* v. *So. Ry. Co.*, 5 *Ga. App.* 722 (64 S. E. 312). We reverse the judgment, but give direction that if, within ten days after the remittitur of this court is filed ·in the office of the clerk of the court below, the plaintiff's counsel shall present to the judge, and cause to be filed as part of the record, a certified copy from the general execution docket showing that at the date Kelly purchased the horse the fi. fa. in question had been duly recorded thereon, and that it was not dormant, the judge of the city court of Miller county shall thereupon, without further trial of the case, enter judgment in favor of the plaintiff against the defendant, in accordance with the verdict of the jury at the last trial; but if the plaintiff shall not file this additional record within the time prescribed, we direct that a judgment be entered dismissing the plaintiff's action. The cost of bringing up this writ of error is taxed against the defendant in error.

*Judgment reversed, with direction.*