## 1743.  OCEAN STEAMSHIP CO. *v.* McDUFFIE.

1. Where the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the case, a direct bill of exceptions lies therefrom.

(a) A judgment refusing to sustain a motion for a nonsuit will support a writ of error, unless the case eventuates in a mistrial.

(b) Where, at the close of the plaintiff's evidence, the defendant makes a

motion for a nonsuit, which is refused, and thereafter the defendant introduces no evidence, and verdict and judgment are rendered in favor of the plaintiff, it is unnecessary, in a direct bill of exceptions sued out within thirty days from the judgment refusing the nonsuit, to except to or assign error on the verdict and judgment rendered in favor of the plaintiff.

2. Under the evidence in this case, the questions as to whether the master was negligent, and whether the servant was guilty of contributory negligence or had assumed the risk, were issuable; and the judge did not err in refusing a nonsuit.

Action for damages, from city court of Savannah—Judge Freeman.  February 8, 1909.

Argued April 16,—Decided October 5, 1909.

*Lawton & Cunningham*, for plaintiff in error.

*Osborne & Lawrence, Shelby Myrick*, contra.

RUSSELL, J.  McDuffie sued the Ocean Steamship Company for damages growing out of personal injuries which he received while in its employment.  A piece of bridge iron was thrown on his legs and broke both of them just below the knee, so that one of them had to be amputated.  The case has been tried twice.  At the first trial a nonsuit was granted, on the ground that the negligence of which McDuffie complained was the negligence of a fellow servant.  This judgment was reversed by this court.  5 *Ga. App.* 125 (62 S. E. 1008).  When the case was here before, it was urged by the steamship company that even if the judge was wrong in granting the nonsuit on the ground that the negligence was that of a fellow servant, the judgment should not be reversed, since it appeared from the evidence that McDuffie had assumed the risk; and that this court should not reverse a judgment reaching the right result in a wrong way; that if a nonsuit was proper for any reason, the judgment granting it should be affirmed.  It will be seen, by reference to the former opinion, that no mention is made therein as to whether or not McDuffie had assumed the risk of the negligence by which he was injured.  The evidence at the second trial was substantially the same as it was at the first.  At the close of the plaintiff's evidence, the defendant moved for a nonsuit, on the ground upon which the former nonsuit had been granted, and upon the additional grounds, (1) that the defendant was not shown to be negligent, because there was no duty owing to the plaintiff relatively to the thing by which he was hurt; (2) that the plaintiff could not recover, because he was guilty of contributory negligence; and (3)

because even if there was negligence chargeable to the defendant, the plaintiff had assumed the risk. The judge overruled the motion. The defendant introduced no evidence; and after argument before the jury, a verdict was returned in favor of the plaintiff, for $3,000. The defendant sued out a bill of exceptions within thirty days, directly excepting to the refusal to grant the nonsuit. In addition to the facts stated in the opinion of the court when the case was here before, it should be stated that the pile of iron beams was lying lengthwise on the wharf, in an easterly and westerly direction. McDuffie was at the east end, on the side of the truck nearest the pile of beams, and, while standing with his feet braced back, they were within two or three feet of the pile. Knox, the alter ego of the master, was at the west end of the pile, about twenty or twenty-five feet from McDuffie, giving orders to the other members of the gang with regard to getting the next beam in shape to be placed on a truck. The beam which injured McDuffie was lying with the east end on the floor of the wharf and the west end on top of the pile. Knox ordered the ten members of the gang at the east end of the beam to pry that end out, so they could get between it and the pile; when this was done, he ordered them to "turn;" and, the header repeating the word "turn," the beam was turned, and the west end fell on McDuffie, inflicting the injuries for which he sued. McDuffie knew that this beam was the next one to be moved, and he knew it was in an insecure position on the pile. He had his back turned to the pile, and was intently engaged in pushing the heavily loaded truck. Owing to the noise of other moving trucks (there being about twenty-five or thirty trucks rolling all about him), he did not hear the order to turn the beam; and he did not know it would be turned while he was within range of it. It was customary for the entire gang to help push a loaded truck out of the way of the pile before another beam was moved, but in this instance only one other member of the gang was helping at the truck; while the others were at the east end. Knox was not sworn as a witness, and there is no direct evidence that he actually saw McDuffie at the time he gave the order which resulted in the latter's injury.

1. The defendant in error has moved to dismiss the bill of exceptions, because it fails to except to the final judgment which was rendered in the court below. This is a direct bill of exceptions, sued out within thirty days, complaining of the refusal of the

court below to grant a nonsuit. After reciting that at the conclusion of the evidence for the plaintiff, the defendant moved the court to grant a nonsuit upon enumerated grounds, the bill of exceptions continues, "After argument, the motion for nonsuit was overruled by the court on the 8th day of February, 1909; to which order of the court, overruling said motion for a nonsuit, the said defendant then and there excepted, and now excepts, and assigns error upon the same, and alleges that the court committed error in refusing to grant a nonsuit upon each and every ground hereinbefore stated. Be it further remembered that the cause then proceeded to a verdict and judgment for $3,000.00 in favor of the plaintiff." After this follow the specifications of the portions of the record material to a clear understanding of the errors complained of. No exception is taken to the verdict of the jury or the judgment of the court rendered thereon.

We do not think the motion to dismiss is meritorious. It was held in *Rice* v. *Ware,* 3 *Ga. App.* 573 (60 S. E. 301), that a judgment refusing a nonsuit is a decision from which a direct bill of exceptions may be taken; because the judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause. If, however, the case has resulted in a mistrial, a direct bill of exceptions can not be taken to the refusal of a nonsuit made pending the trial, because "a motion for nonsuit could not have been made except there be a trial; and where a mistrial occurs, there being no trial, there could have been in contemplation of law no motion for nonsuit occurring upon a trial." *Augusta Railway Co.* v. *Tennant,* 98 *Ga.* 156 (26 S. E. 481). In the present case the judge certifies that the trial resulted in a verdict in favor of the plaintiff, and not in a mistrial; and therefore we have before us a direct bill of exceptions complaining of an order which, if it had been granted as claimed by the plaintiff in error, would have been a final disposition of the cause. The case stands before us just as if the bill of exceptions had been sued out directly to the refusal of the court to sustain a general demurrer to the plaintiff's declaration. *Lowe* v. *Burke,* 79 *Ga.* 164 (3 S. E. 449), a case directly in point. It is no more necessary to except to the final judgment in the one than in the other. The only difference is that where the bill of exceptions is to the refusal to grant a nonsuit, it must show that the trial has not resulted in a mistrial.

*Lowe* v. *Burke,* supra; *Central R. Co.* v. *Denson,* 83 *Ga.* 266 (9 S. E. 788) ; *Augusta Factory* v. *Davis,* 87 *Ga.* 648 (13 S. E. 577). The case of *Lyndon* v. *Ga. Ry. & Elec. Co.,* 129 *Ga.* 353 (58 S. E 1047), is not in point. In that case there was no direct bill of exceptions to the error complained of (the refusal of the court to allow an amendment to the plaintiff's petition), but it was claimed that the final judgment was erroneous for the reason that the refusal to allow the amendment had rendered subsequent proceedings nugatory. Of course the plaintiff could not except directly to the refusal to allow an amendment, because the judgment complained of would not have been a final disposition of the case, even if it had been granted as claimed by the plaintiff. In such a case the error can be reached only by an exception to the final judgment, assigning error on the ruling pendente lite. The cases of *Kibben* v. *Coastwise Dredging Co.,* 120 *Ga.* 899 (48 S. E. 330), and *Newberry* v. *Tenant,* 121 *Ga.* 561 (49 S. E. 621), in so far as they are not entirely overruled by the *Lyndon* case, supra, are easily distinguishable from the case at bar, on the ground that the exceptions pendente lite about which the court was talking in those cases would not support a direct bill of exceptions. There is no reason or law compelling a plaintiff in error, whose bill of exceptions complains of the refusal to grant a nonsuit, to except to the final judgment which was ultimately rendered in the case. This need be done only when the complaint of the refusal to grant a nonsuit is made the subject-matter of an assignment of error in a bill of exceptions taken out from the final judgment itself. *Atlantic Coast Line R. Co.* v. *Yesbik,* 3 *Ga. App.* 196 (59 S. E. 716). In that case the bill of exceptions was sued out long after the time had expired for taking out a direct bill of exceptions to the rulings made pendente lite, upon which error was assigned.

2. The defendant in error makes the point that this court should not consider the grounds urged for a nonsuit, inasmuch as the evidence is just the same as it was on the former trial; and the reversal of the judgment granting a nonsuit on that evidence is an adjudication that there was no ground upon which a nonsuit could be sustained. The plaintiff in error insists that inasmuch as the court did not in its former opinion expressly refer to the grounds now urged, but based the reversal solely on the ground that the judge was wrong in holding that Knox was a fellow serv-

ant of McDuffie, it has not had an adjudication as to the grounds now urged. As to this we may say, that if a motion for a nonsuit containing enumerated grounds were made, and the judge sustained the motion on one ground, and it appeared to this court that the judge was wrong in placing the nonsuit on the ground mentioned in his order, but that he had reached the correct result in the case, since the nonsuit should have been granted on another ground, this court would not grant an unconditional reversal of the judgment. The error could be corrected by appropriate directions as to amending the order, and it would not be necessary to put the parties and the State to the expense of another trial. Where the right result has been reached in the wrong way, it is not always necessary to send the case back for another trial. See *Caudell* v. *Southern Ry. Co.*, 2 *Ga. App.* 479 (58 S. E. 689) ; *Rice* v. *Ware*, 3 *Ga. App.* 573 (60 S. E. 301) ; *Fudge* v. *Kelly*, ante, 5 (64 S. E. 316) ; *Western Union Tel. Co.* v. *Truitt*, 5 *Ga. App.* 811 (63 S. E. 934) ; *Mitchell* v. *Henry Vogt Machine Co.*, 3 *Ga. App.* 542 (60 S. E. 295). So in this case when it was here before, if we had been convinced that though the judge was wrong in granting a nonsuit on the ground that Knox was a fellow servant of McDuffie, he should have granted a nonsuit on the ground that McDuffie had assumed the risk of the danger by which he was injured, we would not have reversed the judgment unconditionally, but would have directed that a judgment sustaining the nonsuit on the latter ground be substituted for the judgment which was rendered, or have affirmed the judgment generally. Nor did we overlook the points which the plaintiff in error then raised and now seeks to raise. We were of the opinion then, as we are now, that the only question in the case of sufficient doubt to justify elaboration was the one which we discussed when the case was here before. If Knox was the alter ego of the master (a thing settled by the former adjudication), then the master would be liable for his negligence, if he was negligent. Under the evidence in this case the questions as to whether or not Knox was negligent, whether or not McDuffie was guilty of contributory negligence, and whether or not he assumed the risk, were jury questions. While McDuffie was standing with his back to the pile of lumber, intently engaged in pushing the heavily loaded truck, in the place where he in the performance of his duty had a right to be, and while there was so much noise in and about the place that Mc-

Duffie did not hear the orders given, Knox nevertheless ordered the other laborers to turn the beam from the pile, and this was the cause of the injury to McDuffie. Under these circumstances the questions as to negligence in Knox and contributory negligence in McDuffie are for the jury. But counsel say that there is no evidence that Knox saw McDuffie's perilous condition; that he had a right to assume that McDuffie would hear the cry of "turn," and get out of the way. Probably so, but the jury had a right to consider that although the noise interfered with McDuffie's sense of hearing, it did not interfere with Knox's sense of seeing; and if Knox did not see McDuffie at the time he gave the order, the question as to whether or not he should have seen him is for the jury. It is undisputed that Knox knew that McDuffie was at the truck; Knox was giving orders and superintending the work, and if, under the circumstances, anybody had a right to assume anything, McDuffie had a right to assume that Knox would not order the next iron beam turned until he was out of the way. The duty owing by Knox to McDuffie was one of protection, to wit, not to order the beam thrown down on him while his back was turned to the pile and before the truck had been pushed out of range. "It is the duty of the employer to direct and protect; the duty of the servant is obedience and performance." *Southern Railway Co. v. Rutledge*, 4 *Ga. App.* 80 (60 S. E. 1011). Counsel contend further that since McDuffie admits that he knew the beam was in an insecure position, and further that he knew that it was to be the next beam moved, he had knowledge of the danger which caused his hurt. The fallacy of this argument is pointed out by McDuffie's counsel in the following language: "If the iron had fallen because of its position, and McDuffie had been injured thereby, knowing that the iron was in such position that it was likely to fall, there would have been substance to the company's argument; but the iron did not fall of its own weight. It did not fall because of its situation. It fell because Knox ordered it to be pried out, and, after it was pried out, ordered it turned. It was the obedience to these orders on the part of the other members of the gang which caused the injury. Had the order not been given, the iron would not have been turned; it would not have fallen, and McDuffie would not have been injured. It may be that McDuffie would have assumed the risk of the iron falling by its own weight, but it did not

so fall and would not have so fallen. He did not assume the increased hazard which the master without his knowledge caused." There is no evidence that McDuffie knew of the risk which caused his injury; and, as we have pointed out before, assumption of risk being predicated on knowledge, actual or constructive, a servant does not assume a risk about which he did not know or was not bound to know. *Brown* v. *Rome Machine Co.*, 5 *Ga. App.* 142 (62 S. E. 720). The plaintiff's evidence was undisputed; and the jury were authorized to infer that the master's alter ego was negligent in giving the order, and that the plaintiff was not guilty of contributory negligence and did not assume the risk. Therefore there was no error in overruling the motion for nonsuit. *Judgment affirmed.*