35006. JONES *v.* FOX.

DECIDED JUNE 14, 1954—ADHERED TO ON REHEARING JULY 30, 1954.

*Claude E. Moore, J. E. B. Stewart*, for plaintiff in error.
*Chance & Pope, R. F. Chance*, contra.

QUILLIAN, J. ■ Under the ruling in *Prince* v. *Brickell*, 87 *Ga. App.* 697 (75 S. E. 2d 288), the motion to dismiss the bill of exceptions in this case is denied. The denial of a motion by the defendant to dismiss the foreclosure proceedings was itself such a judgment as could, under our rules of practice, be excepted to directly, and consequently it was not necessary for error to be assigned upon the final judgment entered in the case subsequently to the ruling on the motion to dismiss and before the bill of exceptions excepting thereto was presented to the trial judge.

There is some confusion in the decisions of the Supreme Court, and irreconcilable conflict in the holdings of this court in refer-

ence to whether a bill of exceptions should be dismissed under exactly the same circumstances as here appear. For a contrary view to what is held here refer to *Kelly* v. *Shores-Mueller Co.*, 22 *Ga. App.* 197 (95 S. E. 732), and cases of both our appellate courts cited in the opinion in that case. For authority for what is here held see the oldest Supreme Court case on the subject, *Lowe* v. *Burke*, 79 *Ga.* 164 (3) (3 S. E. 449). The *Lowe* case, as well as the *Kelly* case, is in point. Since the *Lowe* case is unreversed, and, so far as our research reveals, never has been even criticised, it must be followed. It is unnecessary to overrule the *Kelly* case since the *Lowe* case is controlling.

■ In reference to the other assignment of error, that the court erred in allowing an amendment to the foreclosure affidavit, the rule is different. The order allowing the amendment was a mere interlocutory judgment from which a direct exception is not permitted, and there being no assignment of error on the final judgment entered in the case subsequently thereto, no question as to the correctness of·the court's ruling in allowing the amendment is presented for review by this court.

■ The bill of exceptions recites that the defendant in the trial court moved to dismiss the lien foreclosure instituted by the plaintiff "on stated grounds", and relates that the court overruled the motion, to which judgment the defendant then excepted and now excepts and assigns the same as error as being contrary to law. It does not appear·in the bill of exceptions or elsewhere in the record what the grounds of the motion to dismiss the foreclosure proceedings were. This court is not informed of sufficient facts by the bill of exceptions or by the record to know whether the ruling of the trial court in overruling the motion was correct or erroneous, and no question as to the correctness of the trial court's ruling is presented for consideration here.

The thought is advanced by the plaintiff in error that it did not make any difference on what grounds the motion was made, it would still be good for the reason that the foreclosure proceedings were subject to a general demurrer, and consequently a motion made on any ground should be sustained. In this connection he calls the attention of the court to the fact that the justice of the peace issued the lien execution for $700, thereby exceeding his legal authority. In *Slaughter* v. *Manning*, 11 *Ga. App.* 650

(75 S. E. 1059), it is held: "An application to foreclose a landlord's lien for supplies against a tenant, where the amount claimed exceeds $100, can not be made to a justice of the peace; and where such application is made and the justice of the peace has issued an execution thereon for a sum exceeding $100, the execution is absolutely void, and any lien thereon, and all further proceedings thereunder, are absolutely invalid." We can not agree to the proposition that simply because a pleading is subject to a general or a special demurrer only, that the nature of the demurrer directed against it is presumed to be that which would be appropriate. Conceding that the trial judge had no jurisdiction for the reason that the process by which the defendant was brought into court—the lien execution—was issued by an officer without legal authority, was therefore void, and showed on its face that it should have been returned to Gordon Superior Court and not to DeKalb Superior Court—the defendant by filing the counter-affidavit and giving the bond without protesting the jurisdiction of the court at once waived the imperfection in the lien execution, which was the process summoning him into the DeKalb Superior Court, and submitted himself to the jurisdiction of that court. In *Mullis* v. *McCook*, 185 *Ga.* 171 (194 S. E. 171), it is held: "The plaintiff in an equity suit sought to have canceled, for lack of jurisdiction in a justice's court of the amount, a judgment rendered against him and his surety on a bond given in a former proceeding foreclosing a laborer's lien, to which he interposed a counter-affidavit and gave the bond without objecting to the process issued by a justice of the peace and returned to the superior court; but his petition showed a waiver of all irregularity in the process by which he was brought into court in the foreclosure proceeding."

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*